United States Court of Appeals,

Fifth Circuit.

No. 96-30708.

In re Assassination Records Review Board Subpoena to Harry F. CONNICK.

Harry F. CONNICK, Assassination Records Review Board Subpoena, Petitioner-Appellant,

v.

UNITED STATES of America, on Behalf of the ASSASSINATION RECORDS REVIEW BOARD, Movant-Appellee.

In re Assassination Records Review Board Subpoena to Harry F. CONNICK.

UNITED STATES of America, Petitioner-Appellee,

v.

Harry F. CONNICK, District Attorney of the Parish of Orleans, Respondent-Appellant.

Oct. 10, 1997.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

POLITZ, Chief Judge:

In the late 1960s Orleans Parish District Attorney Jim Garrison prosecuted New Orleans businessman Clay Shaw for violations of Louisiana state law in connection with his alleged participation in a conspiracy to assassinate President John F. Kennedy. The records of that fruitless and now infamous prosecution are contained in a file cabinet in New Orleans, Louisiana; current Orleans Parish District Attorney Harry F. Connick is the custodian of those records.

1

The President John F. Kennedy Assassination Records Review Board held a hearing in 1995 to evaluate the relevancy of the Shaw records. Connick appeared at the hearing and confirmed the existence and content of the records. The Board thereafter requested that Connick transfer the records to the President John F. Kennedy Assassination Records Collection at the National Archives. Connick refused to do so.

After learning of the refusal, the Board secured a subpoena duces tecum directing Connick to surrender the records. Connick filed a Motion to Quash the subpoena, and the Board filed a Petition for Summary Enforcement. Following a hearing, the district court ordered Connick to surrender the records to the Board. Connick timely appealed the order and judgment contending that the Board lacks authority to compel the surrender of the Shaw records.

Congress enacted the President John F. Kennedy Assassination Records Collection Act to ensure that all records relating to the assassination of President Kennedy are preserved for and disclosed to the general public. To achieve this patently meritorious goal, the Act authorizes the Board to "direct Government offices to transmit to the [National Archives] assassination records."[1] The Act defines an assassination record as any record related to the assassination of President Kennedy and "made available for use by ... the Select Committee on Assassinations ... of the House of

---

[1]President John F. Kennedy Assassination Records Collection Act of 1992, Pub.L. No. 102-526, § 7(j)(1)(B), 106 Stat. 3443, 3452 (1992).

Representatives."[2]   The Shaw records indisputably are related to the assassination of President Kennedy.  Further, a representative of the Select Committee on Assassinations traveled to New Orleans in 1978 and, with the consent of Connick, inspected, indexed, and photocopied portions of those records.  As a result, the Shaw records are assassination records within the meaning and intendment of the Act.

Connick holds a government office within the intendment of the Act.  Exercising its statutory authority,[3] the Board issued regulations defining "government office" as including "all ... departments, agencies, offices, [or] divisions ... of any ... state, or local ... government."[4]   Under this regulation the Orleans Parish District Attorney occupies a government office covered by the Act and is obligated to transfer all assassination records in his possession to the National Archives.

The judgment and order upholding and enforcing the subpoena duces tecum issued to District Attorney Harry F. Connick is AFFIRMED.

---

[2]*Id.* § 3(2)(E), 106 Stat. 3444.

[3]*Id.* § 7(n), 106 Stat. 3452.  The Act authorizes the Board to issue interpretive regulations.  Interpretive regulations are valid if they "harmonize ... with the plain language of the statute, its origin, and its purpose."  *See Rowan Cos. v. United States,* 452 U.S. 247, 253, 101 S.Ct. 2288, 2292, 68 L.Ed.2d 814 (1981).  The regulations issued by the Board enable it to assimilate and preserve *all* assassination records—whether they be in the hands of the federal government, a state government, or a private citizen.  These regulations are clearly in line with the stated purpose and express language of the Act and are, therefore, valid.

[4]36 C.F.R. § 1400.7 (1996).